PRICE, et al. *v.* CALDWELL.

Oct. 27, 1952

No. 38497            5 Adv. S. 28            60 So. 2d 641

*L. C. Andrews* and *James Stone & Sons,* for appellants.

*J. W. T. Falkner* and *J. W. Price,* for appellee.

HALL, J.

Appellee brought suit against appellants for confirmation of his title to a parcel of land situated in the City of Oxford and described as starting at a point which is the intersection of the east right of way of North Fifth Street and the north right of way of Jackson Avenue, the said point being the southwest corner of Lot 88 as the same appears on the plat of the Town of Oxford on file in the chancery clerk's office, and running east along the north right of way of Jackson Avenue a distance of 84 feet to the point of beginning; thence east along the north right of way of Jackson Avenue a distance of 25 feet, thence northwardly at a right angle 100 feet, thence westwardly at a right angle 25 feet, thence southwardly at a right angle 100 feet to the point of beginning. It is seen from this description that the parcel has a frontage of 25 feet on Jackson Avenue and a depth therefrom of 100 feet.

Appellants answered and denied the allegations of the bill of complaint and incorporated in their answer a cross bill wherein they claimed title by adverse possession to a part of the east portion of the above described parcel. Upon the hearing the chancellor granted the full relief sought by the original bill and dismissed the cross bill, from which action this appeal is prosecuted.

Appellants have record title as well as full possession of a parcel of land lying to the east of the land in controversy with a frontage of 81 feet on Jackson Avenue. They have two houses, one of which is situated entirely upon the land to which they have record title and which is occupied by them as a residence; the other house is occupied by their tenants and is situated partly upon the 81-foot parcel to which they have record title but extends to the west beyond the calls of their deed for a distance of approximately eight feet. Appellants and their predecessor in title have had the absolute possession of this house for far more than ten years, have exercised every act of ownership over it, collecting the rents thereon without question from anyone.

There is a driveway opening into Jackson Avenue at approximately the southeast corner of the land claimed by appellee and extending in a northwesterly direction therefrom along the meanderings of the east bank of a drainage ditch. This driveway runs almost against but just west of the above mentioned tenant house and affords access to the rear of the tenant house as well as to the rear of the house occupied by appellants. The evidence is overwhelming that appellants and their predecessor in title have used this driveway and claimed the land east of the east bank of the ditch for more than ten years without question or dispute. In fact, Mrs. L. F. Patton, a witness for appellee and from whom he purchased the 25 feet frontage in 1950, admitted on cross-examination that when she purchased her land she bought up to an old fence which ran along the east edge of the

ditch. She owned a tenant house and exercised control over the land west of the ditch but did not occupy or exercise control over any of the land east of the ditch and never at any time disputed appellants' right to use and occupy the land east of the ditch or to collect the rent on the tenant house east of the ditch.

A great deal of the confusion as to the frontage owned by the respective parties and no doubt the institution of this suit is attributable to the fact that according to the official plat Block 88 fronts 250 feet on Jackson Avenue, according to actual measurement the frontage is 241.4 feet, and according to various deeds executed there have been conveyances which call for a total of 260 feet frontage.

After a careful consideration of the entire record we are of the opinion that the chancellor should have sustained the prayer of the cross bill as to that part of the land in controversy which lies east of the east bank of the ditch, an accurate description of which is: Commencing at the intersection of the east right of way of North Fifth Street and the north right of way of Jackson Avenue, said point being the southwest corner of Lot 88 according to the plat of the Town of Oxford on file in the chancery clerk's office, and running thence east along the north right of way of Jackson Avenue a distance of 109 feet to the point of beginning; thence running northwardly at a right angle 100 feet, thence running westwardly at a right angle a distance of 14.4 feet more or less and to the east margin of a drainage ditch, thence running in a southwardly direction along the meanderings of the east margin of said ditch to Jackson Avenue, thence eastwardly along the north right of way line of Jackson one foot more or less and to the point of beginning.

The decree of the lower court will accordingly be reversed to the extent that appellants be adjudged to be the

owners of the parcel last above described, and in all other respects the decree of the lower court is affirmed.

Affirmed in part, and in part reversed and decree here.

*Roberds, P. J.,* and *Alexander, Kyle* and *Holmes, JJ.,* concur.